## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIE WHITE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-0979 |
| | : | |
| SGT. WATTY, *et al.*, | : | |
| Defendants. | : | |

### MEMORANDUM

ROBRENO, J.                                                           MAY  13, 2022

In a prior Order filed on March 22, 2022 (ECF No. 3), Plaintiff Willie White was directed to pay the filing fee for this case or seek leave to proceed *in forma pauperis*, and directed to file an amended complaint that complied with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Thereafter, White filed Motions to proceed *in forma pauperis* (ECF No. 4, 17), and filed several documents labeled "Amended Claims" (ECF No. 9, 10, 12, 14.)  On April 28, 2022, the Court filed an Order striking those "Amended Claims" because they failed to comply with the Court's prior Order, granted White an additional opportunity to comply, and provided him with a copy of the Court's preprinted form complaint to be used by prisoners seeking to file civil rights claim pursuant to 42 U.S.C. § 1983.[1]  (ECF No. 13.)  Thereafter, White filed another pleading labeled "Amended Claim" (ECF No. 16), which the Court will screen as White's Amended Complaint.  For the reasons that follow, White will be granted leave to proceed *in forma pauperis*, the claims against Defendant Officer Iman will be dismissed in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and the balance of White's claims will be served for a responsive pleading.

---

[1] ECF No. 14 was received the same day as the Court's Order was docketed but not specifically noted therein.  It is also deemed stricken for the reasons stated in the Court's Order.

I.      **FACTUAL ALLEGATIONS**

White's Amended Complaint consists of the Court's preprinted form Complaint mailed

to him by the Clerk – left mostly blank, a handwritten attachment, and an exhibit.[2]  In the

handwritten portion, he asserts that Defendant Sgt. Watty sprayed him with O.C.[3] in an

unprovoked act causing him to suffer eye irritation.  (Am. Compl. at 1.)[4]  He also alleges that

Defendant Officer Iman stole his drawings from his cell on April 8, 2022 to harass him, claiming

that the artwork was inappropriate.  (*Id*.)  Iman also allegedly searched White's cell and legal

work.  (*Id*.)  Defendant Officer Hefferman allegedly used excessive force and assaulted him.

(*Id*.)  White asserts claims for violation of his First Amendment right to free expression and his

Fourth Amendment search and seizure rights.

The attached exhibit provides additional information about the excessive force claim

against Hefferman and Watty.  White states he was subjected to a cell extraction.[5]  After

---

[2] White did not separately sign the Amended Complaint form or handwritten attachment, but did sign the exhibit.  The Court will accept that signature as compliance with Federal Rules of Civil Procedure 11.

[3] "O.C." is an apparent reference to oleoresin capsicum, a type of pepper spray.

[4] The Court adopts the pagination supplied by the CM/ECF docketing system.

[5] The Court understands the cell search, property confiscation, cell extraction, and use of force to be part of a continuous or close in time series of events occurring on April 8, 2022. White's original letter Complaint was filed on March 11, 2022.  An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading.  *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019)*, cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations

allegedly giving himself up and being secured, Hefferman grabbed him by his throat and began

to squeeze.  (*Id*. at 5.)  Sgt. Watty then sprayed him with the O.C.  (*Id*.)  As a result, he could not

swallow or move his neck.  (*Id*.)  The next morning, he reported for sick call and informed a

nurse about what had happened.  (*Id*.)  At that point, he had not been able to shower or wash the

O.C. off his face.  (*Id*.)  Because he could not clean himself, the O.C. got on his bedding, clothes,

and cell walls.  (*Id*.)  White seeks money damages of $40,000.  (*Id*. at 1.)

## II.     STANDARD OF REVIEW

The Court grants White leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. §

1915(e)(2)(B)(ii) requires the Court to dismiss White's Amended Complaint if it fails to state a

claim. The Court must determine whether the Amended Complaint contains "sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the

Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable

inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, .

. . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366,

374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).

Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As White is proceeding *pro se*,

the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021)

(citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

---

from superseded pleadings").  Thus, only the cell search, property confiscation, cell extraction, and use of force allegations are part of this case.

### III.    DISCUSSION

White seeks money damages for violation of his constitutional rights.  The vehicle by

which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of

the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S.

42, 48 (1988).

#### A.    Claims Against Defendant Iman

White alleges that Defendant Iman stole his drawings from his cell on April 8, 2022 to

harass him, claiming that the artwork was inappropriate.  (Am. Compl. at 1.)  Iman also allegedly

searched White's cell and legal work.

White's property loss claim is not plausible and will be dismissed.  A prisoner detained

by the Lehigh County cannot state a constitutional claim based on the loss of his property.  *See*

*Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional

deprivation of property by a state employee does not constitute a violation of the procedural

requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

postdeprivation remedy for the loss is available.'" (quoting *Hudson*, 468 U.S. at 533)).  While

the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Con. Stat. § 8541, provides "no

local agency shall be liable for any damages on account of any injury to a person or property

4

caused by any act of the local agency or an employee thereof or any other person," there are

eight exceptions to this grant of immunity.  *See id*. § 8542(b).  One such exception is that a

political subdivision like Lehigh County may be held

> liable for damages on account of an injury to a person or property within the
> limits set forth in this subchapter if both of the following conditions are satisfied
> and the injury occurs as a result of one of the acts set forth in subsection (b):
>> (1) The damages would be recoverable under common law or a statute
>> creating a cause of action if the injury were caused by a person not having
>> available a defense under section 8541 (relating to governmental
>> immunity generally) or section 8546 (relating to defense of official
>> immunity); and
>> (2) The injury was caused by the negligent acts of the local agency or an
>> employee thereof acting within the scope of his office or duties with
>> respect to one of the categories listed in subsection (b).  As used in this
>> paragraph, "negligent acts" shall not include acts or conduct which
>> constitutes a crime, actual fraud, actual malice or willful misconduct.

Because, under these provisions, White has a meaningful postdeprivation remedy available for

his property loss claim in an appropriate state court, his constitutional claim is not plausible and

must be dismissed with prejudice since any attempt at amendment would be futile.

White's cell search claim is also not plausible and any attempt at amendment would be

futile.  "[P]risoners have no legitimate expectation of privacy and . . . the Fourth Amendment's

prohibition on unreasonable searches does not apply in prison cells."  *Hudson v. Palmer*, 468

U.S. 517, 530 (1984); *Doe v. Delie*, 257 F.3d 309, 316 (3d Cir. 2001) ("The Supreme Court has

concluded that the Fourth Amendment right to privacy, to be free from unreasonable searches, is

fundamentally inconsistent with incarceration."); *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir.

1989) (explaining that the Fourth Amendment "does not protect an inmate from the seizure and

destruction of his property").  Additionally, to the extent that White's assertion in the Amended

Complaint that Iman acted to harass him can be read to assert a claim of harassment, it is

undeveloped and conclusory.  Accordingly, this too fails to assert a plausible claim for relief.
*See Iqbal*, 556 U.S. at 678 (stating conclusory allegations do not suffice).

Finally, to the extent the claim against Defendant Iman asserts that he searched White's legal work, it is also not plausible.  Liberally construed, this claim could be read to assert an interference with White's First Amendment right to access the courts or as a First Amendment claim for interference with his legal mail.  To the extent he claims the search of his legal work affected his access to the courts, White has not established a basis for a constitutional violation. "A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (*per curiam*) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)).  In other words, a prisoner claiming that he was denied access to the courts must allege an injury traceable to the conditions of which he complains.  *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (*per curiam*) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action).  In general, an actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts.  *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).  "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Id.*  White fails to allege that the search of his legal work caused him to lose a nonfrivolous and arguable claim, and is thus not plausible.

To allege a plausible interference with legal mail claim, a plaintiff must allege that the interference was done according to a "pattern and practice."  *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006) ("A state pattern and practice . . . of opening legal mail outside the presence of the addressee inmate . . . impinges upon the inmate's right to freedom of speech.").  A prisoner may allege that actions were taken pursuant to a pattern or practice without the existence of a "blanket

6

policy." *See, e.g., id.* (distinguishing between "a pattern and practice" and an "explicit policy"). Prisoners need not allege or prove any "actual injury" beyond direct injury to their First Amendment right to use the mails. *Taylor v. Oney*, 196 F. App'x 126, 128 (3d Cir. 2006). Courts have found that mere isolated incidents of interference without evidence of an improper motive, are insufficient to establish a First Amendment violation. *See, e.g., Nixon v. Sec'y Pa. Dep't of Corr.*, 501 F. App'x 176, 178 (3d Cir. 2012) ("[T]he District Court correctly determined that Nixon's claim alleging a single, isolated interference with his personal mail was insufficient to constitute a first Amendment violation."); *Beese v. Liebe*, 51 F. App'x. 979, 981 (7th Cir. 2002) (dismissing First Amendment Claim based on allegations that four pieces of legal mail had been opened outside of inmate's presence, since the inmate presented no evidence that his legal mail had been intentionally opened, and where the inmate merely speculated that the prison official intended to do so); *Gardner v. Howard*, 109 F.3d 427, 420-31 (8th Cir. 1997).

In conclusory fashion, White alleges interference with his legal work by Defendant Iman, but makes no allegation that the legal work was actually legal *mail* or that the interference was part of a pattern and practice. Without at least a modicum of factual specificity on these points, the Court must conclude that White has failed to state a plausible claim of interference with legal mail under the First Amendment. *See Taylor*, 196 F. App'x at 128 (stating that the inmate must allege the "personal involvement on the part of the Defendants in the alleged pattern and practice of opening his mail"). The Court cannot, however, state that White can never successfully state a plausible First Amendment claim. Accordingly, this claim will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and White will be granted leave to file an amended complaint if can cure the defects in this claim identified by the Court, namely, to assert facts

making plausible an allegation that the interference with his legal work involved legal mail and was part of a pattern or practice.

### B.      Leave to Amend

White's allegation that Sgt. Watty and Officer Hefferman used excessive force asserts a plausible claim that can be served for a responsive pleading.  However, the Court will first permit White an opportunity, if he chooses, to file a second amended complaint to reassert his First Amendment access to courts/interference with legal mail claim and his retaliation claim against Defendant Iman, if he is capable of curing the defects in those claims.  In the alternative, White can proceed in this case on his excessive force claim against Sgt. Watty and Officer Hefferman only.  If White opts to file a second amended complaint, he is strongly warned that he must reassert his excessive force claim against Sgt. Watty and Officer Hefferman in the second amended complaint or it will be waived.

### IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss White's claims against Defendant Iman pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  White may file a second amended complaint if he is capable of curing the defects in his First Amendment access to courts/interference with legal mail claim and harassment claim against Defendant Iman or may opt to proceed only on his excessive force claims against Sgt. Watty and Officer Hefferman.  An order follows with additional information about amendment.